**VEACH v. ROWE et al.**
No. 4992.

Court of Appeal of Louisiana. Second Circuit.
March 8, 1935.

Edwin M. Fraser, of Many, for appellants.

Pickett & Moore, of Many, for appellee.

TALIAFERRO, Judge.

Plaintiff, for himself and as assignee of five colaborers, instituted this suit to recover wages due for work done and performed by them in the drilling of a well in search of oil and for gas on N. W. ¼ of S. E. ¼ of section 22, township 9 N., range 13 W., in Sabine parish, and caused a writ of provisional seizure to issue, under which said well, the derrick, drilling rig, machinery, and all other appurtenances in connection therewith, and the oil, gas, and mineral lease on the said tract of land, were seized by the sheriff.

It is alleged that the labor performed by plaintiff and his assigns was performed pursuant to contracts and agreements entered into between them and W. H. Rowe, who, presumably, was having the well drilled. It is further alleged that plaintiff and his assigns have a lien and privilege on the seized property to secure payment of the amounts due them. Plaintiff also alleges that Sneed & Sneed, Incorporated, a Louisiana corporation, "either owns an interest in and to the oil, gas and mineral lease on said land, or in the rig and machinery" against which said lien and privilege operates, and for this reason this company was impleaded. Personal judgment is prayed for against Rowe only. He was personally served with process, but made no appearance whatever. Issue was joined as to him by entry of judgment by default.

Sneed & Sneed, Incorporated, answered. This defendant admitted that plaintiff and his assigns labored on the said well but denied that any amount is due them beyond $126. It admits that it does own an interest in said mineral lease and owns, in their entirety, the rig and certain other machinery used in drilling the well. It also avers that said well was being drilled by it under an agreement with Rowe, and that it employed all laborers who worked at or on the well; that said Rowe hired none of said laborers and was not authorized to do so. Willingness on its part to pay $126, admitted to be due plaintiff, is averred.

There was personal judgment for plaintiff for the amount sued for, and against Rowe and Sneed & Sneed, Incorporated, with recognition of the writ of provisional seizure and of the lien and privilege on the property seized thereunder, which was ordered sold to pay the judgment. Sneed & Sneed, Incorporated, appealed suspensively. Appellee has answered the appeal. He prays that the judgment appealed from be affirmed, and that appellant be cast for 10 per cent. thereof as in case of frivolous appeal, of which character this one is alleged to be.

■■ There is no note of evidence in the record. We are advised by appellee's brief that defendants offered none when the case was tried. Appellant has made no appearance in this court, nor did it file brief. In such circumstances, we usually dismiss the appeal as having been abandoned, but as damages for frivolous appeal have been asked for, to which appellee is entitled, we shall affirm the judgment and grant the damages. The appeal was evidently taken for delay.

For the reasons herein assigned, the judgment of the lower court, subject of appeal herein, is affirmed, with costs; and appellant Sneed & Sneed, Incorporated, is hereby condemned to pay plaintiff 10 per cent. of said judgment as damages for taking a frivolous appeal.